# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | Crim. No. 08-223 (JMR/SRN) |
| **Plaintiff,** | |
| v. | **REPORT AND** |
| | **RECOMMENDATION** |
| **Antonio Lovell Washington,** | |
| **Defendant.** | |

Nancy Brasel, Esq., United States Attorney's Office, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Andrew Garvis, Esq., Koch & Garvis, Lake Calhoun Professional Building, 3109 Hennepin Avenue South, Minneapolis, Minnesota 55408, for Defendant Antonio Lovell Washington

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned case comes before the undersigned United States Magistrate Judge on Defendant Antonio Lovell Washington's Motion to Dismiss Indictment (Doc. No. 24), Motion to Exclude Evidence of Other Crimes (Doc. No. 25), Motion to Suppress Evidence Obtained from Search and Seizure (Doc. No. 26), and Motion to Suppress Statements (Doc. No. 27).[1]  This case has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

At the motion hearing, Defendant stated that he and the Government had reached agreements on all of the issues in his motions.  This Report and Recommendation merely serves to memorialize those agreements and recommend the appropriate resolution.

---

[1] The Court will address Defendant's non-dispositive motions in a separate Order.

**I.      Motion to Dismiss Indictment**

Defendant is charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  The Indictment lists four previous felonies of which Defendant was convicted.  Defendant moves to dismiss the Indictment on the grounds that two of the prior convictions are not violent felonies.

On a motion to dismiss the indictment, the question is whether the indictment sufficiently alleges an offense against the defendant.  "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  Hamling v. United States, 418 U.S. 87, 117 (1974).  The Indictment in the present case sets forth the essential elements of the felon-in-possession charge in accordance with § 922(g)(1).  Whether the prior convictions are "violent felonies" as contemplated by § 924(e)(1) is an issue for sentencing.  Accordingly, the Indictment is sufficient, and Defendant's motion to dismiss should be denied.

**II.     Motion to Exclude Evidence of Other Crimes**

Defendant moves to exclude evidence of other crimes at trial.  This motion is a matter for resolution in limine or during trial and is therefore reserved for the trial court.

**III.    Motion to Suppress Evidence Obtained from Search and Seizure**

Defendant moves to suppress evidence obtained from searches and seizures.  At the hearing, he conceded that the motion should be denied.  Accordingly, the Court recommends that the motion be denied.

**IV.     Motion to Suppress Statements**

Defendant moves to suppress any statements he made to law enforcement officers.  The Government responds that it is unaware of any such statements.  The Court therefore recommends that the motion be denied as moot.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Antonio Lovell Washington's Motion to Dismiss Indictment (Doc. No. 24) be **DENIED**;

2. Defendant Antonio Lovell Washington's Motion to Exclude Evidence of Other Crimes (Doc. No. 25) be **RESERVED FOR THE TRIAL COURT**;

3. Defendant Antonio Lovell Washington's Motion to Suppress Evidence Obtained from Search and Seizure (Doc. No. 26) be **DENIED**; and

4. Defendant Antonio Lovell Washington's Motion to Suppress Statements (Doc. No. 27) be **DENIED AS MOOT**.

Dated: September 16, 2008

                                                   s/ Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 1, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation

does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.